UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETE'S SEATS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> PETE'S SPORTS AND ENTERTAINMENT, LLC, <br><br> Defendants. <br><br> AND RELATED COUNTER-CLAIMS | Case No.: 1:14-cv-0777 - JLT <br><br> ORDER TO PLAINTIFF TO SHOW CAUSE WHY THE MATTER SHOULD NOT BE DISMISSED FOR THE FAILUR TO PROSECUTE THE ACTION AND THE FAILURE TO OBEY COURT ORDERS |

On October 29, 2015, the Court granted attorney, Paul Reidl's, motion to withdraw as counsel for Plaintiff.  (Doc. 52)  The Court ordered, "Replacement counsel for the corporation **SHALL** enter an appearance in this matter **within 21 days.**" Id. at 4.  Nevertheless, Plaintiff has failed to comply and currently has no attorney representing it.

I.   **Failure to obey the Court's orders**

This Court's Local Rules provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  LR 110.  "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. Thompson v. Housing Authority of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986).  A court may

1

dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules.  See, e.g. Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

**II.  Discussion and Analysis**

"It is a longstanding rule that [c]orporations and other unincorporated associations must appear in court through an attorney." D Beam Ltd. P'ship v. Roller Derby Skates, Inc., 366 F.3d 972, 973 74 (9th Cir. 2004) (citation and quotation marks omitted, second modification in original); LR 183(a). Further, a court may sanction corporate defendants by striking their answer when they fail to retain counsel to defend themselves. See Galtieri Carlson v. Victoria M. Morton Enters., Inc., 2010 U.S. Dist. LEXIS 95335, at *3 (E.D. Cal. Aug. 26, 2010) (sanctioning corporate defendants by striking their answer when they failed to retain alternate counsel after the withdrawal of their original counsel); Rojas v. Hawgs Seafood Bar, Inc., 2009 U.S. Dist. LEXIS 41435 at *2 (N.D. Cal. May 5, 2009) ("When a corporation fails to retain counsel to represent it in an action, its answer may be stricken and a default judgment entered against it").

Pursuant to the Local Rule and applicable case law, the corporate Plaintiff may not appear in this case without counsel. The corporate Plaintiff's original counsel has withdrawn and, despite an explicit order that the corporation must obtain replacement counsel, Plaintiff has failed to do so. Thus, Plaintiff has directly violated the court's order.  Notably, the Court warned Plaintiff that, "**the failure of the corporation to appear through counsel within 21 days or to comply with any order of the Court will result in the action being dismissed**."  (Doc. 52 at 4) Accordingly, the Court **ORDERS**:

1. **Within 14 days**, Plaintiff **SHALL** show cause why the Court should not dismiss the due to its failure to obtain substitute counsel.  Alternatively, Plaintiff may file a request for substitution of attorneys within 14 days.

///

///

**Plaintiff is advised that the failure to comply with this order or the failure of the corporation to appear through counsel will result in the action being dismissed without further notice.**

IT IS SO ORDERED.

Dated:   **November 23, 2015**           /s/ Jennifer L. Thurston
                                     UNITED STATES MAGISTRATE JUDGE