UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETE'S SEATS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> PETE'S SPORTS AND ENTERTAINMENT, LLC, <br><br> Defendants. <br><br> AND RELATED COUNTER-CLAIMS | Case No.: 1:14-cv-0777 - JLT <br><br> ORDER DENYING DEFENDANTS' MOTION TO DISMISS WITHOUT PREJUDICE <br><br> (Doc. 53) |

Defendants seek to dismissal of the action brought by Plaintiff Pete's Seats, Inc., for failure to prosecute the matter and failure to comply with the Court's orders. (Doc. 53) Because Plaintiff has failed to comply with several orders of this Court and failed to take actions to prosecute this action, Defendants' motion to dismiss is **DENIED WITHOUT PREJUDICE**.

**I.     Background**

Plaintiff initiated this action by filing a complaint on May 21, 2014, asserting Pete's Sports and Entertainment, LLC and Henry Peter Weseloh, were liable for trademark infringement, trade name infringement, and unfair competition for their use of the name Pete's Seats Online. (Doc. 1) The parties elected to engage in early settlement discussions, and first held a conference with the Court on November 14, 2014.

Although the matter did not settle, the Court set a second conference for February 20, 2015. (Doc. 25) The Court directed Plaintiff "to gather competent and admissible evidence of damages suffered as a result of Defendants' acts or inaction," and to provide this evidence to Defendants. (*Id.*) Further, the Court ordered the parties "to submit their confidential settlement conference briefs seven days in advance of the conference." (*Id.*) Upon the request of the parties, the second settlement conference was continued to April 3, 2015. (Docs. 26, 27)

On March 2, 2015, Defendants reported that "despite having nearly four months to gather evidence supporting its alleged damages," Plaintiff failed to provide the information ordered by the Court. (Doc. 29 at 2) In response, Plaintiff's counsel, Paul Reidl, reported he had "located an expert who was willing to do the analysis and who was acceptable to his client." (Doc. 31 at 3) Mr. Reidl reported Plaintiff had provided documents to the expert for analysis, and asserted he could "only encourage the expert and the Plaintiff to expedite the process and complete the analysis as soon as possible, which he has done on multiple occasions." (*Id.*)

The Court ordered the parties to appear at a telephonic conference and "noted the apparent failure of compliance with the spirit of the parties' stipulation to extend the deadline for further settlement conference and for Plaintiff to gather and serve upon Defendants competent and admissible evidence of damages suffered as a result of Defendants' acts or inaction." (Doc. 32) Nevertheless, the Court extended the time for Plaintiff to serve damages evidence on Defendants, and continued the settlement conference. (*Id.*)

On September 30, 2015, Mr. Reidl reported Plaintiff had not paid him for his work since September 2014—including the appearances at the settlement conferences. (Doc. 45-1 at 2) At the final settlement conference in June 2015, Mr. Reidl informed Plaintiff that he would be withdrawing from his representation if the invoices remained unpaid, but the company must appear with counsel to proceed with the case. (*Id.* at 2-3) In addition, Mr. Reidl provided a list of possible attorneys to Plaintiff. (*Id.*) According to Mr. Reidl, Plaintiff did not take any action to seek new counsel. (*Id.* at 3)

On October 29, 2015, the Court granted Mr. Reidl's request to withdraw as counsel. (Doc. 52) Plaintiff was "advised that 'it is a long standing rule that corporations and other unincorporated associations must appear in court through an attorney.'" (*Id.* at 4, quoting *D-Beam Ltd. P'ship v. Roller*

*Derby Skates, Inc.*, 366 F.3d 972, 973-74 (9th Cir. 2004)).  Plaintiff was ordered to appear through replacement counsel within twenty-one days of the date of service, or no later than November 20, 2015. (*Id.* at 4)  Further, Plaintiff was "**advised that the failure of the corporation to appear through counsel within 21 days or to comply with any order of the Court will result in the action being dismissed**." (*Id.*, emphasis in original)

  Plaintiff failed to comply with the Court's order, and Defendants filed the motion to dismiss now pending before the Court on November 20, 2015.  (Doc. 53)  The Court issued an order to Plaintiff to show cause why the action should not be dismissed for failure to comply with the Court's order and failure to prosecute the action on November 23, 2015.  (Doc. 54)  Plaintiff was ordered to show cause why the matter should not be dismissed or to file a request for substitution of attorneys within fourteen days, or no later than December 7, 2015.  (*Id.* at 2)  Plaintiff was "**advised that the failure to comply with this order or the failure of the corporation to appear through counsel will result in the action being dismissed without further notice**." (*Id.* at 3, emphasis in original)

  Plaintiff's president, Pete Kennedy, requested an extension of time to respond to the Court's order on December 7, 2015.  (Doc. 55)  Mr. Kennedy asserted, "Plaintiff has taken steps and is in the process of retaining a lawyer to represent it in this case."  (*Id.* at 1)  However, Mr. Kennedy failed to describe any steps taken, or how Plaintiff was "in the process" of hiring a lawyer.  (*Id.*)  The Court denied the request for an extension of thirty days, and ordered the corporation to "**appear through counsel or show cause why the matter should not be dismissed no later than December 18, 2015**." (Doc. 56 at 2, emphasis in original)  Again, Plaintiff was advised the action would be dismissed if the corporation failed to comply with the Court's order.  (*Id.*)

  On December 21, 2015, the Court held a hearing on Defendants' motion to dismiss.  Thomas Bundy specially appeared on behalf of Plaintiff, and represented to the Court that he would be admitted to the Eastern District of California.  Mr. Bundy informed the Court he was not prepared to respond to the motion to dismiss.  Accordingly, Plaintiff was ordered to file any opposition to the motion no later than December 28, 2015.  (Doc. 57)  Plaintiff filed its opposition to the motion on December 23, 2015 (Doc. 58), to which Defendants filed a reply on January 8, 2015.

///

## II. Failure to Prosecute and Obey the Court's Orders

Pursuant to Rule 41 of the Federal Rules of Civil Procedure, "If [a] plaintiff fails to prosecute or to comply with . . . a court order, a defendant may move to dismiss the action or any claim against it. Fed. R. Civ. P. 41(b). Likewise, this Court's Local Rules provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." LR 110.

The Ninth Circuit explained, "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based upon a party's failure to obey a court order, failure to prosecute an action, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute).

## III. Discussion and Analysis

### 1. Public interest and the Court's docket

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik*, 963 F.2d at 1261 (recognizing that district courts have inherent interest in managing their dockets without being subject to noncompliant litigants). This Court cannot, and will not hold, this case in abeyance based upon Plaintiff's failure to comply with the Court's orders and failure to take action to prosecute its claims. Accordingly, these factors weigh in favor of dismissal of the action.

### 2. Prejudice to Defendants

To determine whether Defendants have been prejudiced, the Court must "examine whether the plaintiff's actions impair the … ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone*, 833 F.2d at 131 (citing *Rubin v. Belo Broadcasting Corp.*, 769 F.2d 611, 618 (9th

4

Cir. 1985))  In this case, Plaintiff failed to comply with the Court's orders to provide evidence of its damages to engage in meaningful settlement conferences.  Indeed, although Mr. Reidl previously reported that he had obtained an expert that was "acceptable to his client" in March 2015 (Doc. 31 at 2), Mr. Bundy now reports Plaintiff does not have an expert retained in this matter (Doc. 58 at 2).  The failure to provide information previously ordered by the Court has caused significant delays in this action.  Further, though Defendant argues that Plaintiff's failure to engage in any discovery has significantly impaired Defendants' ability to prepare for a trial, this is not explained.[1]  Plaintiff's decision to forgo conducting discovery will result in its inability to prevent surprise at trial. Despite the fact that Plaintiff chose not conduct discovery did not preclude Defendant from doing so.  Thus, though a presumption of prejudice arises when a plaintiff unreasonably delays the prosecution of an action, Defendant has failed to show it has been delayed in its own efforts.  *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  Accordingly, this factor weighs against dismissal.

       3.      *Consideration of less drastic sanctions*

The Court "abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." *United States v. Nat'l Medical Enterprises, Inc.*, 792 F.2d 906, 912 (9th Cir. 1986).  However, the Ninth Circuit has determined that a court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the "consideration of alternatives" requirement.  *See Malone*, 833 F.2d at 133; *Ferdik*, 963 F.2d at 1262.  As the Ninth Circuit explained, "a plaintiff can hardly be surprised" by a sanction of dismissal "in response to willful violation of a pretrial order." *Malone*, 833 F.2d at 133.

Here, Plaintiff has been warned repeatedly that the corporation must appear through counsel—beginning with the warnings of his attorney in June 2015.  The Court ordered Plaintiff to appear through counsel, and advised Plaintiff that failure to do so by November 20, 2015 "**will result in the action being dismissed**." (Doc. 52 at 4, emphasis in original) Plaintiff failed to comply with this order, which resulted in Defendants filing the motion to dismiss now pending before the Court.  The

---

[1] If Defendant is suggesting that Plaintiff failed to respond to discovery, Defendant could have sought to compel Plaintiff's responses.  Because this did not occur, the Court presumes that Defendant likewise failed to conduct discovery until very recently.

5

1  Court ordered Plaintiff to show cause why the action should not be dismissed or, in the alternative, to
2  appear through counsel on November 20, 2015—thereby giving Plaintiff an extension of fourteen days
3  to comply with the Court's order. (Doc. 54 at 2)  The Court warned Plaintiff that "**the failure to**
4  **comply with this order or the failure of the corporation to appear through counsel will result in**
5  **the action being dismissed without further notice**." (*Id.* at 3, emphasis in original)  Again, Plaintiff
6  failed to comply with the Court's order.

7  Although Mr. Kennedy requested an extension of thirty days to find an attorney, the Court
8  denied the request and ordered the corporation to "**appear through counsel or show cause why the**
9  **matter should not be dismissed no later than December 18, 2015**."  For the third time, Plaintiff was
10 advised that the action would be dismissed if the corporation failed to comply with the Court's order.
11 No appearance was filed, and Plaintiff failed to otherwise respond to the order.   The argument that
12 Plaintiff could not find an attorney willing to handle the case at a  rate Plaintiff wished to pay, is little
13 excuse.  Plaintiff is not an unwilling participant in this action—it is the plaintiff.  The cost of litigating
14 was a factor that should have been known to Plaintiff when it decided to file this action.

15 Significantly, these repeated warnings to Plaintiff satisfy the requirement that the Court
16 consider lesser sanctions. *See Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424; *Titus*, 695 F.2d
17 at 749 n.6.  Indeed, the Court need only warn a party once that the matter would be dismissed for
18 failure to comply to satisfy the requirement.  *Id.*; *see also Titus v. Mercedes Benz of North America*,
19 695 F.2d 746, 749 n.6 (3d Cir. 1982) (identifying a "warning" as an alternative sanction).
20 Accordingly, this factor weighs in favor of dismissal of the action.

21     *4. Public policy*

22 While Plaintiff's failure to prosecute the action and its failure to comply with the Court's orders
23 favors dismissal, public policy favors disposition of cases on their merits.  Though "the public policy
24 favoring disposition of cases on their merits . . . weighs against dismissal, it is not sufficient to
25 outweigh the other four factors." *See Malone*, 833 F.2d at 133, n.2.  However, the Court finds this
26 factor does not favor dismissal.

27 **IV. Conclusion and Order**

28 Plaintiff has failed to prosecute this action, and failed to comply with the Court's orders dated

November 17, 2014 (Doc. 25); October 29, 2015 (Doc. 52); November 23, 2015 (Doc. 54); and December 9, 2015 (Doc. 56).  As set forth above, the factors set forth by the Ninth Circuit weigh for and against dismissal.  However, given the Court has found Defendant has suffered little prejudice, the Court will **DENY** the motion.  Accordingly, **IT IS HEREBY ORDERED**:

   1. Defendants' motion to dismiss (Doc. 53) is **DENIED**.

**Plaintiff is forewarned that *any* further failures to comply with Court orders, to cooperate in discovery[2] or to make all efforts to move this case to completion *will* result in an order dismissing this case.  The Court cannot strongly enough encourage Plaintiff to immediately exercise diligence toward meeting all further obligations in this case, one additional misstep will be fatal to its claims.**

IT IS SO ORDERED.

  Dated: **February 3, 2016**     **/s/ Jennifer L. Thurston**
                  UNITED STATES MAGISTRATE JUDGE

---

[2] Toward this end, Defendant has alerted the Court that Plaintiff has failed to respond to discovery.  (Doc. 60 at 1-2) In the event that Plaintiff has not served its responses to this discovery by the close of business on February 8, 2016, Defendant is authorized to file its motion to compel (L.R. 251(c)) and, if in its view it is appropriate, to seek terminating sanctions.