1

2

3

4

5

6

7

8 **UNITED STATES DISTRICT COURT**

9 **EASTERN DISTRICT OF CALIFORNIA**

10

11 PETE'S SEATS, INC.,        )   Case No.: 1:14-cv-0777 - JLT

12          Plaintiffs,         )   ORDER DENYING DEFENDANTS' MOTION TO

13     v.                          )   DISMISS/MOTION TO COMPEL WITHOUT PREJUDICE

14 PETE'S SPORTS AND          )
ENTERTAINMENT, LLC, et al.,    )

15          Defendants.      )   (Doc. 62)

16 ────────────────────────── )

17 AND RELATED COUNTER-CLAIMS )

18 ────────────────────────── )

19        Plaintiff has repeatedly failed to comply with the Court's orders.  (Doc. 61)  Seemingly,

20 Plaintiff has little interest in prosecuting this action until the Court is poised to dismiss it.  Then, in all

21 haste, Plaintiff offers excuses for its lack of diligence. For example, when the Court considered the last

22 motion to dismiss, Plaintiff complained about the difficulty in finding an attorney—despite the passage

23 of many months in which to do so.  Now, Plaintiff complains of the burden of compiling the

24 information needed to respond to discovery while still operating the business.

25        Though the Court does not condone Plaintiff's conduct.  Nevertheless, it will once again,

26 **DENY** the motion to dismiss and the alternative request to compel because Defendants have failed to

27 support their motion with any admissible evidence.  Though the Court would have been inclined to

28 award attorney's fees and costs on a properly supported motion, Defendants failed to provide *any*

evidence of the amount of the fees and costs at issue.  Thus, the Court has no option but to **DENY** that request as well.

**I.      The motion—and the opposition—is not supported by any admissible evidence**

The Court has recently set forth the history of this case and the significant refusal of Plaintiff to comply with the Court's orders in its order on the prior motion to dismiss.  (Doc. 61)  The Court adopts those background facts (Doc. 61 at 1-3) here.

Notably, at the time the Court issued the prior order, it had been alerted that Plaintiff failed to respond to discovery requests that were due on January 20, 2016.[1]  (Doc. 60; Doc. 62 at 3)  Thus, the Court noted that if Plaintiff had not provided the responses by the end of the day on February 8, 2016, Defendants could file a motion to compel without meeting the obligation to have an informal conference with the Court.  (Doc. 61 at 7, n.2; Doc. 43 at 3)

Plaintiff explains, "he had to spend an enormous amount of time compiling his responses to Defendant's requests, while still trying to keep his business afloat."  (Doc. 64 at 1)  Notably, Plaintiff does not explain why it did not gather this information *before* filing the lawsuit or during the intervening 22 months since its filing.[2]  Likewise, Plaintiff does not explain why a "formatting problem" was allowed to delay the responses.  Plaintiff likewise does not explain why the obligation to respond to discovery timely is a burden it did not anticipate when initiating this action.  Finally, Plaintiff fails to suggest that changes have occurred such that further failures to act diligently will be avoided.

In any event, the parties fail to submit any admissible evidence to support the claims made in their papers.  It is not sufficient to make assertions in the memorandum of points and authorities without supporting the assertions with citations to attached evidence.  Likewise, exhibits attached to papers must be authenticated by a declarant who has an adequate foundation for doing so. L.R. 142. Despite this, for example, Defendants attach to the motion what appears to be discovery requests

---

[1] The Court noted, in the prior filings, that the parties failed to provide any admissible evidence to support their respective claims.  The Court overlooked this fact and assumed it was an anomaly; clearly, it is not.  Thus, the Court has no option but to remind counsel of the importance of submitting admissible evidence when seeking the Court's judgment.

[2] Many of the requests go far afield.  However, most of the requests go directly to the heart of Plaintiff's claims.  Thus, it is inconceivable that Plaintiff would not have gathered this information sooner.

propounded on Plaintiff.  However, the Court notes at least one request is incomplete and, presumably because of this, it is highlighted in yellow. (Doc. 62-1 at 3) Defendants offer no explanation as to whether this is a copy of the discovery actually propounded.  Moreover, though the motion asserts the date upon which the discovery was propounded and that Plaintiff failed to respond to the discovery, there is no admissible evidence supporting this assertion.  In addition, there is no explanation regarding the "bare-bones, two-page response" to the discovery mentioned in the motion.  While this may have been insufficient in Defendants' view, they were obligated to provide it to the Court so it could properly evaluate the motion to compel.  As it is, that fact that Plaintiff *did* provide a response seems to undermine the claim that Plaintiff has totally failed to respond.

On the other hand, though Plaintiff claims that it served its responses to the discovery on February 9, there is no evidence to support this. Though Plaintiff submits a printout from counsel's e-mail account and asserts this shows counsel received a proposed order (presumably related to this motion to dismiss) from Defendants after he received plaintiff's discovery responses from plaintiff, there is no evidence to support this.  Indeed, the Court cannot glean from this printout what document arrived first—there are no times stamped on the page—and it has no idea why plaintiff thinks the arrival times has pertinence to the issues raised in the motion.

Though none of the parties has objected to the insufficiency of the motion or the opposition, even if the Court ignored this, it would not be able to determine the motion because, for example, it does not know what was contained in Plaintiff's "bare-bones" response or, in fact, what "bare-bones" means.  Thus, for the reasons set forth, the Court **ORDERS**:

1.     The motion to dismiss or to compel discovery responses is **DENIED**[3];

///

///

///

---

[3] Plaintiff should not be heartened by this ruling.  The Court is significantly concerned about the lack of attention paid to this matter by Plaintiff.  If, indeed, it is too much of a burden for Plaintiff to fulfill its obligations to the Court, Plaintiff is **strongly urged** to dismiss the action.  Plaintiff is also advised that had the moving papers been adequate, dismissal could have been a distinct possibility.  This, of course, could subject Plaintiff to the possibility of payment of Defendants' costs and attorney's fees.

2.       The request for attorney's fees and costs is **DENIED**.

IT IS SO ORDERED.

Dated:   **March 7, 2016**                                 **/s/ Jennifer L. Thurston**
                                                                      UNITED STATES MAGISTRATE JUDGE