UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETE'S SEATS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> PETE'S SPORTS AND ENTERTAINMENT, LLC, <br><br> Defendants. <br><br> AND RELATED COUNTER-CLAIMS | Case No.: 1:14-cv-0777 - JLT <br><br> ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; ORDER VACATING THE HEARING ON THE MOTION TO DISMISS <br> (Doc. 68) <br><br> ORDER STRIKING PLAINTIFF'S UNTIMELY AND INADEQUATE OPPOSITION <br> (Doc. 1) |

Defendants again seek to dismissal of the action brought by Plaintiff Pete's Seats, Inc., for failure to prosecute the matter and failure to comply with the Court's orders. (Doc. 68) Because Plaintiff has failed to comply with several orders of this Court and failed to take actions to prosecute this action in a timely manner, Defendants' motion to dismiss is **GRANTED** and the hearing on the matter is **VACATED**. Local Rule 230(c) ["No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party."]

**I.    Background**

Plaintiff initiated this action by filing a complaint on May 21, 2014, asserting Pete's Sports and Entertainment, LLC and Henry Peter Weseloh, were liable for trademark infringement, trade name infringement, and unfair competition for their use of the name Pete's Seats Online. (Doc. 1) The

1  parties elected to engage in early settlement discussions, and first held a conference with the Court on
2  November 14, 2014.
3        The matter did not settle and the Court set a second conference for February 20, 2015.  (Doc.
4  25)  The Court directed Plaintiff, in advance of the next settlement conference, "to gather competent
5  and admissible evidence of damages suffered as a result of Defendants' acts or inaction," and to
6  provide this evidence to Defendants.  (*Id.*)  Further, the Court ordered the parties "to submit their
7  confidential settlement conference briefs seven days in advance of the conference."  (*Id.*)  Upon the
8  request of the parties, the second settlement conference was continued to April 3, 2015.  (Docs. 26, 27)
9        On March 2, 2015, Defendants reported that "despite having nearly four months to gather
10 evidence supporting its alleged damages," Plaintiff failed to provide the information ordered by the
11 Court.  (Doc. 29 at 2)  In response, Plaintiff's counsel, Paul Reidl, reported he had "located an expert
12 who was willing to do the analysis and who was acceptable to his client."  (Doc. 31 at 3)  Mr. Reidl
13 reported Plaintiff had provided documents to the expert for analysis, and asserted he could "only
14 encourage the expert and the Plaintiff to expedite the process and complete the analysis as soon as
15 possible, which he has done on multiple occasions."  (*Id.*)
16       The Court ordered the parties to appear at a telephonic conference, and "noted the apparent
17 failure of compliance with the spirit of the parties' stipulation to extend the deadline for further
18 settlement conference and for Plaintiff to gather and serve upon Defendants competent and admissible
19 evidence of damages suffered as a result of Defendants' acts or inaction."  (Doc. 32)  Nevertheless, the
20 Court extended the time for Plaintiff to serve damages evidence on Defendants and continued the
21 settlement conference.  (*Id.*)
22       On September 30, 2015, Mr. Reidl reported Plaintiff had not paid for a year him despite Mr.
23 Riedl's ongoing representation and efforts toward settling the case.  (Doc. 45-1 at 2)  At the final
24 settlement conference in June 2015, Mr. Reidl informed Plaintiff that he would be withdrawing from
25 his representation if the invoices remained unpaid, but that the company must appear with counsel to
26 proceed with the case.  (*Id.* at 2-3)  In addition, Mr. Reidl provided a list of possible attorneys to
27 Plaintiff.  (*Id.*)  According to Mr. Reidl, Plaintiff did not take any action to seek new counsel.  (*Id.* at 3)
28       On October 29, 2015, the Court granted Mr. Reidl's request to withdraw as counsel.  (Doc. 52)

1  The Court advised Plaintiff "that 'it is a long standing rule that corporations and other unincorporated
2  associations must appear in court through an attorney.'" (*Id.* at 4, quoting *D-Beam Ltd. P'ship v. Roller*
3  *Derby Skates, Inc.*, 366 F.3d 972, 973-74 (9th Cir. 2004)).  The Court ordered Plaintiff to appear
4  through replacement counsel within twenty-one days of the date of service, or no later than November
5  20, 2015. (*Id.* at 4)  Further, the Court advised Plaintiff "**that the failure of the corporation to appear**
6  **through counsel within 21 days or to comply with any order of the Court will result in the action**
7  **being dismissed**." (*Id.*, emphasis in original)

8  Plaintiff failed to comply with the Court's order, and Defendants filed a motion to dismiss the
9  matter on November 20, 2015.  (Doc. 53)  The Court issued an order to Plaintiff to show cause why the
10 action should not be dismissed for failure to comply with the Court's order and failure to prosecute the
11 action. (Doc. 54)  The Court once again advised Plaintiff "**that the failure to comply with this order**
12 **or the failure of the corporation to appear through counsel will result in the action being**
13 **dismissed without further notice**." (*Id.* at 3, emphasis in original)

14 On the date for the corporation to show cause—December 7, 2015—Plaintiff's president, Pete
15 Kennedy, requested an extension of time to respond to the Court's order.  (Doc. 55)  Mr. Kennedy
16 asserted, "Plaintiff has taken steps and is in the process of retaining a lawyer to represent it in this
17 case." (*Id.* at 1)  However, Mr. Kennedy failed to describe any steps taken, or how Plaintiff was "in the
18 process" of hiring a lawyer.  (*Id.*)  The Court denied the request for an extension of thirty days, and
19 ordered the corporation to "**appear through counsel or show cause why the matter should not be**
20 **dismissed no later than December 18, 2015**." (Doc. 56 at 2, emphasis in original)  Again, the Court
21 advised Plaintiff it would dismiss the action if the corporation failed to comply with the Court's order.
22 (*Id.*)

23 On December 21, 2015, the Court held a hearing on Defendants' first motion to dismiss.
24 Attorney Thomas Bundy specially appeared on behalf of Plaintiff, and represented to the Court that he
25 would be admitted to the Eastern District of California and. once that occurred, would take on
26 Plaintiff's representation.  Mr. Bundy informed the Court he was not prepared to respond to the motion
27 to dismiss.  Accordingly, the Court ordered Plaintiff to file any opposition to the motion no later than
28 December 28, 2015.  (Doc. 57)  Plaintiff filed its opposition to the motion on December 23, 2015 (Doc.

58), to which Defendants filed a reply on January 8, 2015. Because the Court found Defendant "suffered little prejudice" at that time due to Plaintiff's conduct, it denied the motion to dismiss. (Doc. 61 at 7) However, the Court forewarned Plaintiff, "**any further failures to comply with Court orders, to cooperate in discovery or to make all efforts to move this case to completion will result in an order dismissing this case**." (*Id.*, emphasis in original, footnote omitted) Accordingly, Plaintiff was directed to "serve[] its responses to this discovery by the close of business on February 8, 2016." (*Id.*, n.2) Defendants were authorized to seek terminating sanctions if Plaintiff failed to comply with the Court's deadline. (*Id.*)

On February 9, 2016, Defendants filed a motion to dismiss for lack of prosecution, asserting Plaintiff had not complied with the Court's order. (Doc. 62) However, Defendants failed to present any admissible evidence to support the motion. Therefore, the Court denied Defendants' motion to dismiss without prejudice. (Doc. 66) In doing so, the Court observed,

> Plaintiff should not be heartened by this ruling. The Court is significantly concerned about the lack of attention paid to this matter by Plaintiff. If, indeed, it is too much of a burden for Plaintiff to fulfill its obligations to the Court, Plaintiff is **strongly urged** to dismiss the action. Plaintiff is also advised that had the moving papers been adequate, dismissal could have been a distinct possibility. This, of course, could subject Plaintiff to the possibility of payment of Defendants' costs and attorney's fees.

(Doc. 66 at 3 n. 3)

On April 15, 2016, Defendants renewed their motion to dismiss the action for Plaintiff's failure to comply with the Court's orders. (Doc. 68) Javad Khazaeli, Defendants' counsel, filed a declaration in support of the motion on April 20, 2016. (Doc. 70) Plaintiff failed to file a timely opposition. Indeed, he waited until 3:07 p.m. on the day before the motion was to be heard to file a 19-line opposition, unsupported by any evidence, authorities or legal analysis. Because the opposition is untimely (L.R. 230(c)) and fails in any substantive manner to address the motion, it is **STRICKEN.**

**II.     Failure to Prosecute and Obey the Court's Orders**

Pursuant to Rule 41 of the Federal Rules of Civil Procedure, "If [a] plaintiff fails to prosecute or to comply with . . . a court order, a defendant may move to dismiss the action or any claim against it. Fed. R. Civ. P. 41(b). Likewise, this Court's Local Rules provide: "Failure of counsel or of a party

4

to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." LR 110.

The Ninth Circuit explained, "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based upon a party's failure to obey a court order, failure to prosecute an action, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute).

**III.   Discussion and Analysis**

   *A.   Public interest and the Court's docket*

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik*, 963 F.2d at 1261 (recognizing that district courts have inherent interest in managing their dockets without being subject to noncompliant litigants). This Court cannot, and will not hold, this case in abeyance based upon Plaintiff's failure to comply with the Court's orders and failure to take action to prosecute in a timely manner. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) (explaining a plaintiff has the burden "to move toward… disposition at a reasonable pace, and to refrain from dilatory and evasive tactics"). Accordingly, these factors weigh in favor of dismissal of the action.

   *B.   Prejudice to Defendants*

To determine whether Defendants have been prejudiced, the Court must "examine whether the plaintiff's actions impair the … ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone*, 833 F.2d at 131 (citing *Rubin v. Belo Broadcasting Corp.*, 769 F.2d 611, 618 (9th Cir. 1985)) In this case, Plaintiff failed to comply with the Court's orders to provide evidence of its damages to engage in meaningful settlement conferences. It failed to timely comply with the orders

that it appear through counsel. Further, Javad Khazaeli reports Plaintiff failed to comply with the Court's order to respond to Defendants' discovery requests no later than the close of business on February 8, 2016. (Doc. 70 at 1, Khazaeli Decl. ¶ 8) This failure to respond to discovery requests in a timely manner significantly impairs Defendants' ability to prepare for a trial. Moreover, a presumption of prejudiced arises when a plaintiff unreasonably delays the prosecution of an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). Accordingly, this factor weighs in favor of dismissal.

    C.    *Consideration of less drastic sanctions*

The Court "abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." *United States v. Nat'l Medical Enterprises, Inc.*, 792 F.2d 906, 912 (9th Cir. 1986). However, the Ninth Circuit has determined that a court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the "consideration of alternatives" requirement. *See Malone*, 833 F.2d at 133; *Ferdik*, 963 F.2d at 1262. As the Ninth Circuit explained, "a plaintiff can hardly be surprised" by a sanction of dismissal "in response to willful violation of a pretrial order." *Malone*, 833 F.2d at 133.

Here, the Court repeatedly warned Plaintiff that it must appear through counsel—beginning with the warnings of his attorney in June 2015. The Court ordered Plaintiff to appear through counsel, and advised Plaintiff that failure to do so by November 20, 2015 "**will result in the action being dismissed**." (Doc. 52 at 4, emphasis in original) Plaintiff failed to comply with this order, which resulted in Defendants filing the motion to dismiss now pending before the Court. The Court ordered Plaintiff to show cause why the action should not be dismissed or to appear through counsel on November 20, 2015—thereby giving Plaintiff an extension of fourteen days to comply with the Court's order. (Doc. 54 at 2) The Court warned Plaintiff that "**the failure to comply with this order or the failure of the corporation to appear through counsel will result in the action being dismissed without further notice**." (*Id.* at 3, emphasis in original) Again, Plaintiff failed to comply with the Court's order.

Although Mr. Kennedy requested an extension of thirty days to find an attorney, the Court denied the request and ordered the corporation to "**appear through counsel or show cause why the matter should not be dismissed no later than December 18, 2015**." (Doc. 56 at 2) For the third

time, Plaintiff was advised that the action would be dismissed if the corporation failed to comply with the Court's order.   No appearance was filed, and Plaintiff failed to otherwise respond to the order.

After Mr. Bundy appeared in the action as Plaintiff's counsel, Defendants informed the Court that Plaintiff failed to respond to its discovery requests. (Doc. 60 at 1-2)  The Court ordered Plaintiff to provide its responses "by the close of business on February 8, 2016," and cautioned Plaintiff that "**one additional misstep will be fatal to its claims**." (Doc. 61 at 7, emphasis in original)  Despite this explicit warning, Plaintiff failed to respond to the discovery requests in a timely manner.  (Doc. 7- at 2, Khazaeli Decl. ¶ 8)

Significantly, these repeated warnings to Plaintiff satisfy the requirement that the Court consider lesser sanctions. *See Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424; *Titus*, 695 F.2d at 749 n.6.  Indeed, the Court need only warn a party once that the matter would be dismissed for failure to comply to satisfy the requirements of Rule 41.  *Id.*; *see also Titus v. Mercedes Benz of North America*, 695 F.2d 746, 749 n.6 (3d Cir. 1982) (identifying a "warning" as an alternative sanction). Accordingly, this factor weighs in favor of dismissal of the action.

  D.  *Public policy*

Given Plaintiff's failure to prosecute the action, and failure to comply with the Court's orders the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal. *See Malone*, 833 F.2d at 133, n.2 (explaining that although "the public policy favoring disposition of cases on their merits . . . weighs against dismissal, it is not sufficient to outweigh the other four factors").

**IV.  Conclusion and Order**

Plaintiff has failed to prosecute this action, and failed to comply with the Court's orders dated November 17, 2014 (Doc. 25); October 29, 2015 (Doc. 52); November 23, 2015 (Doc. 54); December 9, 2015 (Doc. 56); and February 3, 2016 (Doc. 61). As set forth above, the factors set forth by the Ninth Circuit weigh in favor of dismissal of the matter.

Accordingly, **IT IS HEREBY ORDERED**:

1.  Defendants' motion to dismiss (Doc. 68) is **GRANTED;**

2.  The hearing on the motion to dismiss is **VACATED**;

3. Plaintiff's complaint (Doc. 1) is **DISMISSED WITH PREJUDICE**;

4. Within five days, Defendant SHALL either dismiss its cross-complaint or file notification with the Court that it intends to pursue its cross-complaint.

IT IS SO ORDERED.

Dated: __May 17, 2016__                         /s/ Jennifer L. Thurston
                                           UNITED STATES MAGISTRATE JUDGE