1

2

3

4

5

6

7

8          **UNITED STATES DISTRICT COURT**

9          **EASTERN DISTRICT OF CALIFORNIA**

10

11  PETE'S SEATS, INC.,                    ) Case No.: 1:14-cv-0777 - JLT
                                          )
12              Plaintiffs,               ) ORDER DENYING DEFENDANTS' MOTION
                                          ) FOR ATTORNEY FEES
13          v.                            )
                                          )
14  PETE'S SPORTS AND                     ) (Doc. 80)
    ENTERTAINMENT, LLC, et al.            )
15                                        )
                Defendants.               )
16  ──────────────────────────           )
                                          )
17  AND RELATED COUNTER-CLAIMS            )
                                          )
18  ──────────────────────────           )

19          The Court dismissed Plaintiff's claims against Defendant Pete's Sports and Entertainment, LLC

20  and Henry Peter Weseloh with prejudice for failure to prosecute the action and failure to comply with

21  the Court's orders.  (Doc. 75)  Defendants now seek an award of fees and costs "[p]ursuant to Rule 54

22  of the Federal Rules of Civil Procedure and Local Rule 293."  (Doc. 80 at 1)  For the following reasons,

23  Defendants' motion for fees is **DENIED**.

24  **I.      Background**

25          Plaintiff initiated this action by filing a complaint on May 21, 2014, asserting Pete's Sports and

26  Entertainment, LLC and Henry Peter Weseloh, were liable for trademark infringement, trade name

27  infringement, and unfair competition for their use of the name Pete's Seats Online.  (Doc. 1)  The

28  parties elected to engage in early settlement discussions and had a conference with the Court on

1

November 14, 2014.

The matter did not settle and the Court set a second conference for February 20, 2015.  (Doc. 25)  The Court directed Plaintiff, in advance of the next settlement conference, "to gather competent and admissible evidence of damages suffered as a result of Defendants' acts or inaction," and to provide this evidence to Defendants.  (*Id.*) Further, the Court ordered the parties "to submit their confidential settlement conference briefs seven days in advance of the conference."  (*Id.*)  Upon the request of the parties, the second settlement conference was continued to April 3, 2015.  (Docs. 26, 27)

On March 2, 2015, Defendants reported that "despite having nearly four months to gather evidence supporting its alleged damages," Plaintiff failed to provide the information ordered by the Court.  (Doc. 29 at 2)  In response, Plaintiff's counsel, Paul Reidl, reported he had "located an expert who was willing to do the analysis and who was acceptable to his client."  (Doc. 31 at 3)  Mr. Reidl reported Plaintiff had provided documents to the expert for analysis, and asserted he could "only encourage the expert and the Plaintiff to expedite the process and complete the analysis as soon as possible, which he has done on multiple occasions."  (*Id.*)

The Court ordered the parties to appear at a telephonic conference, and "noted the apparent failure of compliance with the spirit of the parties' stipulation to extend the deadline for further settlement conference and for Plaintiff to gather and serve upon Defendants competent and admissible evidence of damages suffered as a result of Defendants' acts or inaction."  (Doc. 32)  Nevertheless, the Court extended the time for Plaintiff to serve damages evidence on Defendants and continued the settlement conference.  (*Id.*)

On September 30, 2015, Mr. Reidl reported Plaintiff had not paid for a year him despite Mr. Riedl's ongoing representation and efforts toward settling the case.  (Doc. 45-1 at 2) At the final settlement conference in June 2015, Mr. Reidl informed Plaintiff that he would be withdrawing from his representation if the invoices remained unpaid, but that the company must appear with counsel to proceed with the case.  (*Id.* at 2-3)  In addition, Mr. Reidl provided a list of possible attorneys to Plaintiff.  (*Id.*)  According to Mr. Reidl, Plaintiff did not take any action to seek new counsel.  (*Id.* at 3)

On October 29, 2015, the Court granted Mr. Reidl's request to withdraw as counsel.  (Doc. 52) The Court advised Plaintiff "that 'it is a long standing rule that corporations and other unincorporated

2

associations must appear in court through an attorney.'" (*Id.* at 4, quoting *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973-74 (9th Cir. 2004)).  The Court ordered Plaintiff to appear through replacement counsel within twenty-one days of the date of service, or no later than November 20, 2015.  (*Id.* at 4)  Further, the Court advised Plaintiff that "**the failure of the corporation to appear through counsel within 21 days or to comply with any order of the Court will result in the action being dismissed**."  (*Id.*, emphasis in original)

Plaintiff failed to comply with the Court's order, and Defendants filed a motion to dismiss the matter on November 20, 2015.  (Doc. 53)  The Court issued an order to Plaintiff to show cause why the action should not be dismissed for failure to comply with the Court's order and failure to prosecute the action.  (Doc. 54)  The Court once again advised Plaintiff that "**failure to comply with this order or the failure of the corporation to appear through counsel will result in the action being dismissed without further notice**."  (*Id.* at 3, emphasis in original)

On the date for the corporation to show cause—December 7, 2015—Plaintiff's president, Pete Kennedy, requested an extension of time to respond to the Court's order.  (Doc. 55)  Mr. Kennedy asserted, "Plaintiff has taken steps and is in the process of retaining a lawyer to represent it in this case."  (*Id.* at 1)  However, Mr. Kennedy failed to describe any steps taken, or how Plaintiff was "in the process" of hiring a lawyer.  (*Id.*)  The Court denied the request for an extension of thirty days, and ordered the corporation to "**appear through counsel or show cause why the matter should not be dismissed no later than December 18, 2015**."  (Doc. 56 at 2, emphasis in original)  Again, the Court advised Plaintiff it would dismiss the action if the corporation failed to comply with the Court's order.  (*Id.*)

On December 21, 2015, the Court held a hearing on Defendants' first motion to dismiss. Attorney Thomas Bundy specially appeared on behalf of Plaintiff, and represented to the Court that he would be admitted to the Eastern District of California and, once that occurred, would take on Plaintiff's representation.  Mr. Bundy informed the Court he was not prepared to respond to the motion to dismiss.  Accordingly, the Court ordered Plaintiff to file any opposition to the motion no later than December 28, 2015.  (Doc. 57)  Plaintiff filed its opposition to the motion on December 23, 2015 (Doc. 58), to which Defendants filed a reply on January 8, 2015.  Because the Court found Defendant

"suffered little prejudice" at that time due to Plaintiff's conduct, it denied the motion to dismiss.  (Doc. 61 at 7)  However, the Court forewarned Plaintiff, "**any further failures to comply with Court orders, to cooperate in discovery or to make all efforts to move this case to completion will result in an order dismissing this case**."  (*Id.*, emphasis in original, footnote omitted)  Accordingly, Plaintiff was directed to "serve[] its responses to this discovery by the close of business on February 8, 2016." (*Id.*, n.2)  Defendants were authorized to seek terminating sanctions if Plaintiff failed to comply with the Court's deadline.  (*Id.*)

On February 9, 2016, Defendants filed a motion to dismiss for lack of prosecution, asserting Plaintiff had not complied with the Court's order.  (Doc. 62)  However, Defendants failed to present any admissible evidence to support the motion.  Therefore, the Court denied Defendants' motion to dismiss without prejudice.  (Doc. 66)  In doing so, the Court observed,

> Plaintiff should not be heartened by this ruling. The Court is significantly concerned about the lack of attention paid to this matter by Plaintiff. If, indeed, it is too much of a burden for Plaintiff to fulfill its obligations to the Court, Plaintiff is **strongly urged** to dismiss the action. Plaintiff is also advised that had the moving papers been adequate, dismissal could have been a distinct possibility. This, of course, could subject Plaintiff to the possibility of payment of Defendants' costs and attorney's fees.

(Doc. 66 at 3 n. 3, emphasis in original)

On April 15, 2016, Defendants renewed their motion to dismiss for Plaintiff's failure to comply with the Court's orders.  (Doc. 68)  The Court granted the motion on May 17, 2016.  (Doc. 75) Defendants now seek an award of attorneys' fees.  (Doc. 80)

## II.      Motion for Fees under Rule 54

"Pursuant to Rule 54 of the Federal Rules of Civil Procedure and Local Rule 293, Defendants request that the Court order Plaintiff to pay Defendants reasonable costs and attorneys' fees."  (Doc. 80 at 1)  Under Rule 54, "[a] claim for attorney's fees and related nontaxable expenses must be made by motion," which must:

> (i)    be filed no later than 14 days after the entry of judgment;
> (ii)   specify the judgment and the statute, rule, or other grounds entitling the movant to the award;
> (iii)  state the amount sought or provide a fair estimate of it; and
> (iv)   disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.

4

Fed. R. Civ. P. 54(d)(2).  Thus, this Court explained: "Rule 54 establishes the *procedure* to obtain attorney's fees, and a party seeking attorney's fees must provide another source for the award of fees such as a rule, statute, or contract."  *Schultz v. Ichimoto*, 2010 U.S. Dist. LEXIS 118964 at *10 (E.D. Cal. Nov. 9, 2010) (citing *Drake v. Lowe's Cos., Inc.*, 2005 U.S. Dist. LEXIS 23405 (E.D. Cal. Oct. 11, 2005);  *MRO Comms., Inc. v. AT & T Co.*, 197 F.3d 1276, 1282 (9th Cir. 1999)) (emphasis in original).

## III.    Discussion and Analysis

Defendants rely upon Rule 37 to argue they are entitled to fees in this action.  (*See* Doc. at 1-2) Pursuant to Rule 37, if a party "fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b).  "Just orders" may include the following:

> (i)    directing that the matters embraced in the order or other designated facts be taken as established for the purposes of the action, as the prevailing party claims;
> (ii)    prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii)    striking pleadings in whole or in part;
> (iv)    staying further proceedings until the order is obeyed;
> (v)    dismissing the action or proceedings in whole or in part;
> (vi)    rending a default judgment against the disobedient party; or
> (vii)    treating as contempt of court the failure to obey any order except an order to submit to physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).  The Ninth Circuit explained, "Federal Rule of Civil Procedure 37 authorizes the district court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the rules of discovery or with court orders enforcing those rules." *Wyle v. R. J. Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir. 1983) (citing *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 643 (1976)).  In addition, Rule 37 provides for an award of monetary sanctions: "[T]he court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(b)(2)(C).

Defendants argue the Court should award fees "[i]n light of the Court's finding that Plaintiff repeatedly failed to comply with the Court's orders; Plaintiff's refusal to comply with its discovery obligations; and Plaintiff's bad faith actions by not negotiating in good faith or prosecuting this matter." (Doc. 80 at 7) Specifically, Defendants assert they "incurred $6,175.00 in attorney's fees (at a rate of

$250 per hour) in efforts to make Plaintiff comply with its discovery obligations." (*Id.* at 3)  In addition, Defendants report they "incurred $3,950.00 in attorney's fees … in efforts to make Plaintiff comply with the Court's orders." (*Id.* at 5)  Finally, Defendants contend Plaintiff acted in bad faith during the settlement conferences with the Court by refusing to meet with Defendants, comment on the settlement offers, or negotiate.[1]  (*Id.* at 6)  For failure to engage in settlement discussions, Defendants seek $3,591.00 and $1,411.77 in fees and travel costs.  (*Id.* at 7)

Significantly, however, the Court previously sanctioned Plaintiff for failure to comply with the Court's orders —including those related to discovery—by dismissing Plaintiff's claims with prejudice. (Doc. 75)  In light of the terminating sanctions previously imposed, the Court finds the imposition of additional monetary sanctions unjust.  *See* Fed. R. Civ. P. 37(b)(2)(C); *see also Reddy v. Precyse Solutions LLC*, 2015 U.S. Dist. LEXIS 79352 (E.D. Cal. June 18, 2015) (finding the plaintiff willfully refused to comply with discovery orders and imposing terminating sanctions, but denying an "award for further monetary sanctions [as] unjust"); *Meador v. Macy's Corporate Servs.*, 2016 U.S. Dist. LEXIS 128163 (D. Haw. Aug. 26, 2016), *adopted by* 2016 U.S. Dist. LEXIS 127197 (D. Haw. Sept. 16, 2016) (finding "awarding monetary sanctions in addition to terminating sanctions would be unjust"); *Townsend v. Ihde*, 2015 U.S. Dist. LEXIS 1496 (D.Mon. Jan. 7, 2015) (declining a monetary award where dismissal sanctions were imposed).

## IV.    Conclusion and Order

Defendants fail to demonstrate the imposition of monetary sanctions is appropriate under Rule 37, or support the assertion that fees are appropriate under Rule 54.  Accordingly, Defendants' motion for fees is **DENIED**.


IT IS SO ORDERED.

Dated:   **October 17, 2016**                        **/s/ Jennifer L. Thurston**
                                                  UNITED STATES MAGISTRATE JUDGE

---

[1] Defendants fail to present any admissible evidence regarding the alleged bad faith conduct.

6